≈ JS 44 (Rev. 12/07)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
FLORENCE HOUGH

**DEFENDANTS**
CITY AND COUNTY OF SAN FRANCISCO, THE SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, NATHANIEL P. FORD, KENNETH McDONALD, ANTHONY JONES, KAI CHEN, KARYN REYNOLDS, SHIRLEY MARZETT, BOUMNY RASACHACK, CONNIE CAHUA, and Does 1-25

**(b)** County of Residence of First Listed Plaintiff

San Francisco

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SAN FRANCISCO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark J. Geragos, Esq.
GERAGOS & GERAGOS
644 S. Figueroa Street
Los Angeles, CA 90017-3411
Telephone: 213/625-3900

Attorneys (If Known)
DENNIS J. HERRERA, CITY ATTORNEY
MARK D. LIPTON, Deputy City Attorney
1390 Market Street, 6th Floor
San Francisco, CA 94102
Telephone: 415/554-4218

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [X] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1331 AND 28 U.S.C. Section 1441(b)

Brief description of cause:
Violation of federal and constitutional rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
October 24, 2008

SIGNATURE OF ATTORNEY OF RECORD  MARK D. LIPTON, Deputy City Attny

NDC-JS44

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   MARK D. LIPTON, State Bar #152864
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, Sixth Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-4218
6   Facsimile:    (415) 554-3837
    E-Mail:        Mark.Lipton@sfgov.org

7

8   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO

9

10                      UNITED STATES DISTRICT COURT

11                      NORTHERN DISTRICT OF CALIFORNIA

12   FLORENCE HOUGH,                          Case No.
                                              (SF Superior Court No. CGC-08-476780)
13                  Plaintiff,
                                              **NOTICE OF REMOVAL OF ACTION**
14          vs.                               **UNDER 28 U.S.C. § 1441(b) (FEDERAL**
                                              **QUESTION) BY DEFENDANT CITY**
15   CITY AND COUNTY OF SAN                    **AND COUNTY OF SAN FRANCISCO**
     FRANCISCO, THE SAN FRANCISCO             **OF UNVERIFIED COMPLAINT OF**
16   MUNICIPAL TRANSPORTATION                 **PLAINTIFF FLORENCE HOUGH;**
     AGENCY, NATHANIEL P. FORD,               **DEMAND FOR JURY TRIAL**
17   KENNETH MCDONALD, ANTHONY
     JONES, KAI CHEN, KARYN                    **[28 U.S.C. § 1441(a); F.R.C.P. 38(b)]**
18   REYNOLDS, SHIRLEY MARZETT,
     BOUNMY RASACHACK, CONNIE
19   CAHUA and DOES 1-25, inclusive,          Date Action Filed:    June 25, 2008
                                              Trial Date:            Not Set
20                  Defendants.

21

22

23   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

24          PLEASE TAKE NOTICE that defendant City and County of San Francisco hereby removes

25   to this Court the state court action described below.

26          1.      On or about June 25, 2008, plaintiff FLORENCE HOUGH, filed a Complaint in the

27   Superior Court of the State of California in and for the County of San Francisco ("the City"),

28   entitled Florence Hough v. *CCSF, et al.*, Superior Court Case No. 08-476780.  Copies of the

                                              1

1    Complaint, Summons issued on June 25, 2008, Civil Case Cover Sheet, and Notice To Plaintiff of

2    Case Management Conference are attached hereto as Exhibit A.

3         2.     The City is informed and believes that it is the only defendant named in this action

4    that has received a copy of the Complaint.  The City first received a copy of the Complaint on

5    October 10, 2008, when plaintiff served the Complaint and summons on the Mayor's Office.

6    Pursuant to 28 U.S.C. § 1446(a).

7         3.     The San Francisco Municipal Transportation Agency (SFMTA) is not a separate

8    legal entity from the City.  Rather, it is an agency of the City, created under Article VIIIA of the

9    City's Charter.  Therefore, the City, not the SFMTA, is the proper entity to be sued.  See also, The

10    Charter of the City and County of San Francisco, Art. I, Sec. 1.101.

11         4.     The City is informed and believes that none of the individual defendants, all of

12    whom are City employees, have received a copy of the Complaint and summons.  Should the

13    individual defendants be served in the future, they would also be represented by the City Attorney's

14    Office.

15         5.     The Complaint, at paragraphs 50-57, purports to state a cause of action arising under

16    42 U.S.C. § 12131 in that it alleges violations of plaintiff's federal civil and constitutional rights.

17         6.     The Complaint, at paragraphs 58-64, purports to state a cause of action arising under

18    29 U.S.C. § 794 in that it alleges violations of plaintiff's federal civil and constitutional rights.

19         7.     This action is therefore a civil action over which this Court has original jurisdiction

20    under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to

21    the provisions of 28 U.S.C. § 1441(b), in that it arises under the federal civil rights laws.

22         8.     The City filed an answer to the Complaint in the Superior Court of the State of

23    California in and for the County of San Francisco on October 23, 2008, a copy of which is attached

24    hereto as Exhibit B.

25

26

27

28    / / /

CCSF'S NOTICE OF REMOVAL      Hough vs. CCSF, Case #08-476780      n:\lit\li2008\081101\00517202.doc

1

## **DEMAND FOR JURY TRIAL**

2      Defendant demands a trial by jury in this action.

3

4    Dated:  October 24, 2008

5                                DENNIS J. HERRERA
                                City Attorney
6                                JOANNE HOEPER
                                Chief Trial Deputy
7                                MARK D. LIPTON
                                Deputy City Attorneys
8

9                            By: _____

10                               MARK D. LIPTON

11                               Attorneys for Defendant
                                CITY AND COUNTY OF SAN FRANCISCO
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CCSF'S NOTICE OF REMOVAL        Hough vs. CCSF, Case #08-476780        n:\lit\li2008\081101\00517202.doc

# EXHIBIT A

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
SHELLEY KAUFMAN SBN 100696
GERAGOS & GERAGOS, APC
644 SOUTH FIGUEROA STREET
LOS ANGELES, CA 90017
TELEPHONE NO.: (213) 625-3900   FAX NO.: (213) 625-1600
ATTORNEY FOR (Name): FLORENCE HOUGH

RECEIVED
MAYOR'S OFFICE
08 OCT 10 PM 12:00

**FOR COURT USE ONLY**

ENDORSED
FILED
Superior Court of California
County of San Francisco

JUN 25 2008

GORDON PARK-LI, Clerk
BY:     DEBORAH STEPPE
        Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO
STREET ADDRESS: 400 McCallister Street
MAILING ADDRESS: 400 McCallister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Center Courthouse

CASE NAME:
*Florence* Hough v. City and County of San Francisco, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC-08-476780 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 24, 2008

Shelley Kaufman
(TYPE OR PRINT NAME)

▶ *Shelley Kaufman*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

FILE BY FAX

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY AND COUNTY OF SAN FRANCISCO,

SEE ATTACHED.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FLORENCE HOUGH

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER
*(Número del Caso):* CGC-08-476780

Superior Court of California, County of San Francisco
Civic Center Courthouse
400 McCallister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Shelley Kaufman SBN 100696
Geragos & Geragos, APC; 644 South Figueroa Street, Los Angeles, CA 90017; (213) 625-3900

DATE:  JUN 2 5 2008     GORDON PARK-LI     Clerk, by  D. STEPPE  , Deputy
*(Fecha)*                          *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

## ATTACHMENT TO SUMMONS

THE SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, NATHANIEL
P. FORD, KENNETH MCDONALD, ANTHONY JONES, KAI CHEN, KARYN
REYNOLDS, SHIRLEY MARZETT, BOUNMY RASACHACK, CONNIE CAHUA
and DOES 1-25, inclusive

**ENDORSED**
**F I L E D**
Superior Court of California
County of San Francisco

JUN 2 5 2008

**GORDON PARK-LI, Clerk**
BY: _____ **DEBORAH STEPPE**
Deputy Clerk

# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600

MARK J. GERAGOS      SBN 108325
SHELLEY KAUFMAN      SBN 100696
SHEPARD KOPP         SBN 174612

Attorneys for Plaintiff FLORENCE HOUGH

**CASE MANAGEMENT CONFERENCE SET**

NOV 2 6 2008 -9:00 AM

**DEPARTMENT 212**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

|  |  |
|---|---|
| FLORENCE HOUGH, | Case No. **CGC-08-476780** |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1) Violation of Civil Code §54<br>2) Violation of Civil Code §51<br>3) Violation of Government Code §11135 |
| CITY AND COUNTY OF SAN FRANCISCO, THE SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, NATHANIEL P. FORD, KENNETH MCDONALD, ANTHONY JONES, KAI CHEN, KARYN REYNOLDS, SHIRLEY MARZETT, BOUNMY RASACHACK, CONNIE CAHUA and DOES 1-25, inclusive, | 4) Violation of 42 U.S.C. §12131<br>5) Violation of 29 U.S.C. §794<br>6) Common Carrier Negligence<br>7) Negligence<br>8) Violation of Government Code §815.6 |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff alleges:

### I.

### INTRODUCTION

San Francisco resident Florence Hough has been confined to a wheelchair for the past four years. Hough is dependent solely on San Francisco's public transportation, and in particular the San Francisco Municipal Railway ("MUNI") system, as her method of transportation throughout the city. Without the MUNI, Hough would be confined to her home and its

FILE BY FAX

1    immediate surroundings, unable to participate in public life as a San Francisco citizen.  Plaintiff

2    Florence Hough brings this action for discrimination and a violation of her civil rights as a result

3    of the City and County of San Francisco's continuous unlawful conduct of refusing to allow

4    Hough the right of public transportation because she is confined to a wheelchair.  As a result of

5    MUNI's discrimination against Plaintiff Hough because of her disability, Plaintiff Hough seeks

6    damages against Defendants, and each of them, for unnecessarily and unlawfully causing harm

7    and injury to Plaintiff, thereby causing Plaintiff to suffer severe emotional distress and other

8    damages as a result of Defendants' unwarranted and unreasonable acts.  Florence Hough looks to

9    the court for some measure of justice, fairness and the assurance that she and others similarly

10   situated will not be discriminated against by MUNI.

11

12                                      **PARTIES**

13       1.      Plaintiff Florence Hough ("Hough") at all relevant times herein, was

14   residing in the City and County of San Francisco, State of California.

15       2.      The CITY AND COUNTY OF SAN FRANCISCO ("County of SF") is a

16   governmental entity organized and existing under the laws of the State of California.

17       3.      The SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY

18   ("SFMTA") governs the operation of MUNI.

19       4.      At all times herein mentioned, NATHANIEL P. FORD ("Ford") was the

20   Executive Director of SFMTA and is sued in his official and individual capacities.

21   Plaintiff is informed and believes, and on that basis, alleges that Ford is responsible for

22   the overall administration of SFMTA and MUNI.  At all relevant times, Ford was acting

23   within the scope of his employment.

24       5.      At all times herein mentioned, KENNETH MCDONALD ("McDonald")

25   was the Director of MUNI and is sued in his official and individual capacities.  Plaintiff is

26   informed and believes, and on that basis, alleges, that McDonald is charged with

27   responsibility for administration of the MUNI.  At all relevant times, McDonald was

28   acting within the scope of his employment.

1    6.    At all times herein mentioned, ANTHONY JONES ("Jones") was a bus

2  driver for MUNI and was acting in the scope of employment when Jones violated

3  Plaintiff's rights as set forth herein.

4    7.    At all times herein mentioned, KAI CHEN ("Chen") was a bus driver for

5  MUNI and was acting in the scope of employment when Chen violated Plaintiff's rights

6  as set forth herein.

7    8.    At all times herein mentioned, KARYN REYNOLDS ("Reynolds") was a

8  bus driver for MUNI and was acting in the scope of employment when Reynolds violated

9  Plaintiff's rights as set forth herein.

10    9.    At all times herein mentioned, SHIRLEY MARZETT ("Marzett") was a

11  bus driver for MUNI and was acting in the scope of employment when Marzett violated

12  Plaintiff's rights as set forth herein.

13    10.    At all times herein mentioned, BOUNMY RASACHACK ("Rasachack")

14  was a bus driver for MUNI and was acting in the scope of employment when Rasachack

15  violated Plaintiff's rights as set forth herein.

16    11.    At all times herein mentioned, CONNIE CAHUA ("Cahua") was a bus

17  driver for MUNI and was acting in the scope of employment when Cahau violated

18  Plaintiff's rights as set forth herein.

19    12.    Plaintiff is unaware of the true names and capacities of the Defendants

20  named herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by

21  such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege

22  the true names and capacities of said Defendants when the same are ascertained. Plaintiff

23  is informed and believes, and thereon alleges, that each of the aforesaid fictitiously named

24  Defendants is responsible in some manner for the happenings and occurrences hereinafter

25  alleged, and the Plaintiff's damages and injuries as herein alleged were caused by the

26  conduct of said Defendants.

27

28

**FACTS**

13.     Plaintiff has physical disabilities which require that she use a wheelchair. Plaintiff relies on the MUNI transportation system to travel throughout the City of San Francisco.

14.     For at least the past two years, Plaintiff has been subjected to continuing and ongoing discrimination and a violation of her civil rights when using the MUNI system, including being refused access to the bus because she is in a wheelchair, being mocked that she was in a wheelchair, not being allowed to enter or exit the bus, either deliberately, or due to a malfunction of the wheelchair lift, and being passed by because she is in a wheelchair.

15.     On at least two occasions in the past six months, Plaintiff was stranded on the bus due to a lift malfunction and had to be taken off the bus by the Fire Department. On numerous occasions, bus drivers passed her by, refused to stop or told her to take the next bus. Additionally, the drivers have been verbally abusive, rude, condescending, disrespectful and unprofessional.

16.     Defendants have failed adequately to maintain and service the mechanical bus lifts, which are needed to allow persons with mobility impairments to board and disembark. The lifts on MUNI's buses are frequently malfunctioning or nonfunctioning, thereby denying basic public transportation services to Plaintiff.

17.     Defendants have failed adequately to train their employees, including drivers, of the need to accommodate persons with disabilities on the buses they operate, including lifts, doors, clamps, safety straps.

18.     Plaintiff is informed and believes that drivers have been told to strictly follow a schedule and if they are behind the schedule to avoid picking up a person with a wheelchair, as it takes longer for a person in a wheelchair to board the bus by use of the lift.

19.     Plaintiff has made numerous complaints to Defendants about the quality of service, lack of access to the system, the rude and demeaning conduct of the bus drivers,

- 4 -

1    yet her rights continued to be violated and she continues to be retaliated against by many

2    of the bus drivers.

3       20.    Through the acts and omissions alleged herein, Defendants have denied

4    Plaintiff equal access to public transportation services based on her use of a wheelchair.

5       21.    Defendants' conduct, as set forth herein, violates clearly established federal

6    and state law.

7       22.    Denial of a service as fundamental as public transportation severely

8    impedes Plaintiff and other people with disabilities from full and equal enjoyment of the

9    rights of citizenship in a free society. In particular, the denial of full and equal access to

10    public transportation results in isolation, loneliness, social deprivation and produces

11    humiliation, frustration low self-image, as well as limits opportunities to participate in

12    numerous programs, activities, and services and imposes an unnecessary, irrational, and

13    illegal obstacle to mobility.

14       23.    Through the violations of federal and state law alleged herein, Defendants

15    have seriously injured Plaintiff. Plaintiff has suffered emotional distress, frustration,

16    humiliation, embarrassment and loss of ability to access activities and events in the City.

17    Plaintiff is thus entitled to damages in an amount to be determined according to proof.

18       24.    Through the acts and omissions complained of herein, Defendants are

19    continuing to discriminate against Plaintiff based on her disability, by failing reasonably

20    to accommodate Plaintiff's disability and denying Plaintiff equal access to fixed route

21    public transit, resulting in ongoing and irreparable injury to Plaintiff.

22       25.    Plaintiff has no plain, speedy and adequate remedy at law. Pecuniary relief

23    alone will not afford adequate and complete relief for the ongoing acts and omissions

24    complained of herein.

25       26.    Plaintiff timely filed a claim pursuant to Government Code Section 910 *et.*

26    *seq.* That claim has been rejected in the past forty-five days; thus, this complaint is

27    timely.

28

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## (Violation of California Civil Code §54 *et seq.*

## Against All Defendants)

27.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

28.     California Civil Code §54.1 provides that: "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities ... and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided) ... to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." "A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

29.     Plaintiffs is an "individual with a disability" under the meaning of California Civil Code §54 *et seq.*

30.     The buses and transportation system operated by Defendants which Plaintiff has used and/or attempted to use constitute accommodations, advantages, facilities, common carriers, motor vehicles, motorbuses, public conveyances, modes of transportation, places of public accommodation, and places to which the general public is invited under the meaning of Civil Code §54.1.

31.     Defendants have violated and are violating Plaintiff's rights under Civil Code §54 by violating her rights protected by Title II of the ADA and the regulations promulgated thereunder, which have all been expressly incorporated into California law since January 1, 1993.

32.     Defendants have violated and are violating Plaintiff's rights under Civil Code §54.1, by denying Plaintiff full and equal access to the use and enjoyment of the

COMPLAINT FOR DAMAGES

1 | public transportation services, due to the acts and omissions alleged herein.

2 |         33.       Through the acts and omissions alleged herein, Defendants have denied

3 | and interfered with Plaintiff's rights under Civil Code §§ 54 *et. seq.* and, therefore,

4 | Plaintiff is entitled to injunctive relief and damages for each offense from Defendants

5 | under Civil Code §54.3.

6 |         34.       Pursuant to Civil Code §54.3, Plaintiff is entitled to her attorney's fees in

7 | protecting her rights.

8 |

9 |                                **SECOND CAUSE OF ACTION**

10 |      **(Violation of the Unruh Civil rights Act, Civil Code Section 51 *et. seq.***

11 |                                    **against all Defendants)**

12 |        35.       Plaintiff  incorporates by reference each and every allegation contained in

13 | the foregoing paragraphs.

14 |        36.       Plaintiff  has a "disability" under the meaning of Civil Code §51.

15 |        37.       Defendants' public transportation services, including the buses that Plaintiff

16 | has used and has attempted to use, constitute a "business establishment" under the

17 | meaning of Civil Code §51.5

18 |        38.       Through the acts and omissions alleged herein, Defendants have denied

19 | and continue to deny Plaintiff full and equal accommodations, advantages, privileges, and

20 | services, in violation of Civil Code §51.5.

21 |        39.       Defendants have also violated Civil Code §51, in that the conduct alleged

22 | herein constitutes a violation of the ADA, as set forth above, and Civil Code §51 provides

23 | that: "A violation of the right of any individual under the Americans with Disabilities Act

24 | of 1990 (Public Law 101-336) shall also constitute a violation of this section."

25 |        40.       Through the acts and omissions alleged herein, Defendants have

26 | discriminated against Plaintiff based on her disability in violation of Civil Code §51.5.

27 |        41.       Through the acts and omissions alleged herein, Defendants have denied

28 | and interfered with Plaintiff's rights under Civil Code §§ 51 *et. seq.* and, therefore,

COMPLAINT FOR DAMAGES

1  Plaintiff is entitled to injunctive relief and damages for each offense from Defendants

2  pursuant to Civil Code §52.1.

3      42.    Pursuant to Civil Code §52.1, Plaintiff is entitled to her attorney's fees in

4  exercising her civil rights.

5

6                      **THIRD CAUSE OF ACTION**

7                  **(Violation of Government Code §11135**

8      **against Defendants County of SF, SFMTA, Ford, McDonald and Does 1-25)**

9      43.    Plaintiff incorporates by reference each and every allegation contained in

10  the foregoing paragraphs.

11      44.    California Government Code §11135(a) provides in pertinent part that: "No

12  person in the State of California shall, on the basis of . . . disability, be unlawfully

13  denied the benefits of, or be unlawfully subjected to discrimination under, any program or

14  activity that is funded directly by the state or receives any financial assistance from the

15  state."

16      45.    Plaintiff has a "disability" within the meaning of California Government

17  Code §11135.

18      46.    Defendants operate a "program or activity that is funded directly by the

19  state or receives any financial assistance from the state" under the meaning of

20  Government Code §11135.

21      47.    California Government Code §11135(b) provides in that: "With respect to

22  discrimination on the basis of disability, programs and activities subject to subdivision (a)

23  shall meet the protections and prohibitions contained in Section 202 of the Americans

24  with Disabilities Act of 1990 (42 U.S.C. §12132), and the federal rules and regulations

25  adopted in implementation thereof, except that if the laws of this state prescribe stronger

26  protections and prohibitions, the programs and activities subject to subdivision (a) shall

27  be subject to the stronger protections and prohibitions."

28      48.    By the acts and omissions alleged herein, Defendants have subjected

                                  - 8 -

1   Plaintiff to discrimination, and have denied her the full and equal benefits of MUNI and

2   other public transportation operated by SFMTA in violation of California Government

3   Code §11135.

4          49.     Plaintiff is entitled to the relief available pursuant to California Government

5   Code §11139, and any other relief available for a violation of said Government Code.

6

7                           **FOURTH CAUSE OF ACTION**

8          **(Violation of Title II of the Americans With Disabilities Act**

9          **(42 U.S.C. §12131 *et. seq.* against County of SF, SFMTA and Does 1-25)**

10         50.     Plaintiff  incorporates by reference each and every allegation contained in

11  the foregoing paragraphs.

12         51.     In enacting the Americans With Disabilities Act ("ADA"), Congress found

13  that "society has tended to isolate and segregate individuals with disabilities," that

14  "individuals who have experienced discrimination on the basis of disability have often had no

15  legal recourse to redress such discrimination" and that "individuals with disabilities are a discrete

16  and insular minority who have been faced with restrictions and limitations, subjected to a history

17  of purposeful unequal treatment, and relegated to a position of political powerlessness in our

18  society, based on characteristics that are beyond the control of such individuals and resulting

19  from stereotypic assumptions not truly indicative of the individual ability of such individuals to

20  participate in, and contribute to, society" and that "the Nation's proper goals regarding

21  individuals with disabilities are to assure equality of opportunity, full participation, independent

22  living, and economic self-sufficiency for such individuals." 42 U.S.C. §12101(a).

23         52.     Plaintiff is a qualified individual with a disability under the meaning of Title II of

24  the ADA, 42 U.S.C. §12131 *et. seq.*

25         53.     Defendants are "public entities" within the meaning of Title II of the ADA.

26         54.     Through the acts and omissions alleged herein, Defendants have, by reason

27  of Plaintiff's disability been excluded from access to public transportation by deliberate

28  refusal to allow Plaintiff on Defendants' transportation systems and by malfunctioning of

-9-

COMPLAINT FOR DAMAGES

1    the wheelchair lifts so that Plaintiff is unable to access the bus.

2       55.    Defendants' acts and omissions set forth herein are in violation of the equal

3    access and nondiscrimination requirements set forth in Title II of the ADA, and the

4    regulations promulgated thereunder, and have resulted in injury to Plaintiff.

5       56.    Defendants' conduct constitutes an ongoing and continuous violation of

6    Title II of the ADA and, unless restrained and enjoined from doing so, Defendants will

7    continue to violate Title II of the ADA. Defendants' acts and omissions, unless enjoined,

8    will continue to inflict irreparable injuries for which plaintiffs have no adequate remedy

9    and law.

10      57.    Pursuant to 42 U.S.C. §12133 and 29 U.S.C. §794a, Plaintiff is entitled to

11    damages and her attorney's fees as a result of the harm and continuing harm inflicted on

12    her by Defendants, in an amount to be proved at trial.

13

14                     **FIFTH CAUSE OF ACTION**

15    **(Violation of Section 504 of the Rehabilitation Act of 1974, 29 U.S.C §794 against**

16                **against County of SF, SFMTA and Does 1-25)**

17      58.    Plaintiff incorporates by reference each and every allegation contained in

18    the foregoing paragraphs.

19      59.    Plaintiff is an "otherwise qualified individual with a disability" under the

20    meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("Section 504").

21      60.    Defendants operate a "program or activity receiving Federal financial

22    assistance" under the meaning of Section 504.

23      61.    Through the acts and omissions alleged herein, Defendants have, by reason

24    of Plaintiff's disabilities excluded Plaintiff from participation in Defendants' programs,

25    services and/or activities, denied Plaintiff the benefits of Defendants' programs, services,

26    and/or activities and subjected Plaintiff to discrimination.

27      62.    Defendants' acts and omissions set forth herein are in violation of the equal

28    access and nondiscrimination requirements set forth in Section 504, and the regulations

COMPLAINT FOR DAMAGES

1 | promulgated thereunder, and have resulted in injury to Plaintiff.

2 |    63.  Defendants' conduct constitutes an ongoing and continuous violation of

3 | Section 504 and, unless restrained and enjoined from doing so, Defendants will continue

4 | to violate Section 504. Defendants' acts and omissions, unless enjoined, will continue to

5 | inflict irreparable injuries for which Plaintiffs have no adequate remedy and law.

6 | meaning of Section 504.

7 |    64.  Pursuant to 29 U.S.C. §794a, Plaintiff is entitled to damages and her

8 | attorney's fees as a result of the harm and continuing harm inflicted on her by

9 | Defendants, in amount to be proved at trial.

10 |

11 |           **SIXTH CAUSE OF ACTION**

12 |     **(Common Carrier Negligence, Civil Code §2100 *et. seq*.**

13 |        **by Plaintiff against all Defendants)**

14 |    65.  Plaintiff incorporates by reference each and every allegation contained in

15 | the foregoing paragraphs.

16 |    66.  Defendants are carriers of persons for reward within the meaning of Civil

17 | Code §2100.

18 |    67.  In the operation of their bus lines, Defendants have failed to use the utmost

19 | care and diligence for the safe carriage of Plaintiffs as required by California Civil Code

20 | §2100. As described above, Defendants have failed to provide those items that are

21 | necessary for the purpose of providing safe carriage, have failed to provide proper

22 | training for their agents that is necessary to provide safe carriage and have not exercised a

23 | reasonable degree of skill.

24 |    68.  Defendants have failed to provide vehicles that are safe and fit as required

25 | by California Civil Code §2101.

26 |    69.  California Civil Code §2103 provides that "A carrier of persons for reward

27 | must give to passengers all such accommodations as are usual and reasonable, and must

28 | treat them with civility, and give them a reasonable degree of attention."

COMPLAINT FOR DAMAGES

70.     The conduct of Defendants, and each of them, violates Civil Code §2100 *et. seq.*, thus entitling Plaintiff to damages in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

### (Negligence by Plaintiff against all Defendants)

71.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

72.     Defendants are under a mandatory duty to provide full, equal, safe, and convenient access to all persons to its buses, and bus-related services and facilities.

73.     Defendants have violated this duty by failing to act with reasonable care towards Plaintiffs, by failing to reasonably accommodate her and to treat her with civility and decency.

74.     Defendants' failure to act with reasonable care is the proximate cause of the damages to Plaintiff in a sum according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION

### (Violation of Government Code § 815.6 against County of SF and SFMTA)

75.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

76.     Government Code §815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

77.     Defendants are "public entities" within the meaning of Government Code §815.6.

78.     Defendants are under a mandatory duty to provide equal, non-

- 12 -

COMPLAINT FOR DAMAGES

1  discriminatory, and safe services to riders with mobility disabilities under Government

2  Code §11135 and Civil Code §2100 *et seq.* Defendants have failed to discharge this duty,

3  and/or have failed to exercise reasonable diligence in discharging their duty to provide

4  equal, non-discriminatory and safe services to Plaintiff and other riders with mobility

5  disabilities.

6        79.    These statutory duties are intended to protect against the types of injuries

7  Plaintiff suffered, as set forth above.

8        80.    As a proximate result of Defendants' failures as alleged above, Plaintiff has

9  been injured as set forth above.

10

11        WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

12  follows:

13      1)    For general damages in an amount according to proof;

14      2)    For special damages in an amount according to proof;

15      3)    For an injunction requiring Defendants to provide equal access to Plaintiff

16            and others with mobility disabilities;

17      4)    For statutory attorneys' fees, costs and expenses;

18      5)    For statutory penalties and fees;

19      6)    For interest as allowed by law;

20      7)    For costs of suit incurred herein; and

21      6)    For all other relief as the court may deem proper.

22

23  DATED:  June 24, 2008          GERAGOS & GERAGOS

24                              A Professional Corporation

25

26                By:  _____

27                     SHELLEY KAUFMAN
                     Attorney for Plaintiff
                     Florence Hough

28

COMPLAINT FOR DAMAGES

1                      **DEMAND FOR TRIAL BY JURY**

2        Plaintiff hereby demands a trial by jury.

5  DATED:  June 24, 2008             GERAGOS & GERAGOS
6                            A Professional Corporation

8                By:    *Shelley Kaufman*
9                    SHELLEY KAUFMAN
                       Attorney for Plaintiff
10                   Florence Hough

- 14 -

COMPLAINT FOR DAMAGES

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **NOV-26-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

# EXHIBIT B

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   MARK D. LIPTON, State Bar #152864
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, Sixth Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-4218
6   Facsimile:    (415) 554-3837
    E-Mail:       Mark.Lipton@sfgov.org
7

8   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO
9

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

OCT 2 3 2008

GORDON PARK-LI, CLERK
BY: _____
                Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12                         UNLIMITED JURISDICTION

13  FLORENCE HOUGH,                    Case No. CGC-08-476780

14              Plaintiff,             **DEFENDANT CITY AND COUNTY OF
                                       SAN FRANCISCO'S ANSWER TO
15       vs.                           PLAINTIFF'S UNVERIFIED
                                       COMPLAINT**
16  CITY AND COUNTY OF SAN
    FRANCISCO, THE SAN FRANCISCO
17  MUNICIPAL TRANSPORTATION
    AGENCY, NATHANIEL P. FORD,
18  KENNETH MCDONALD, ANTHONY
    JONES, KAI CHEN, KARYN            Date Action Filed:    June 25, 2008
19  REYNOLDS, SHIRLEY MARZETT,        Trial Date:           Not Set
    BOUNMY RASACHACK, CONNIE
20  CAHUA and DOES 1-25, inclusive,

21              Defendant.

22

23
            Defendant City and County of San Francisco, a municipal corporation responds to the
24
    unverified Complaint of Florence Hough ("Plaintiff") as follows:
25
            Pursuant to Code of Civil Procedure Sections 431.30 and 446(a), Defendant denies each and
26
    every allegation in the Complaint.  Defendant further denies that Plaintiff has been damaged in any
27
    sum or sums, or at all, by reason of any act or omission of Defendant.
28

                                              1

## SEPARATE AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense

### (Failure to Comply With Tort Claims Act)

Defendant alleges that Plaintiff fails to set forth facts sufficient to state a cause of action due to failure to comply with the requirements of the California Government Code.

### Third Affirmative Defense

### (Statute of Limitations)

Defendant alleges that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in Code of Civil Procedure Section 335, *et seq.* and related statutes.

### Fourth Affirmative Defense

### (Immunity)

Defendant alleges the provisions of the Tort Claims Act of the Government Code (Government Code Section 810, *et seq.*) as a measure of the duty of Defendant and its employees.

### Fifth Affirmative Defense

### (Good Faith)

Defendant alleges that its employees, officials and agents were at all times material to the Complaint acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

### Sixth Affirmative Defense

### (Assumption of the Risk)

Defendant alleges that Plaintiff had full knowledge of the risks involved in the activity in which Plaintiff was engaged at the time of the incident set forth in the Complaint; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned

2

1 | in the Complaint; and that the loss or damage, if any, sustained by Plaintiff was caused by the risks

2 | described above that were accepted and voluntarily assumed by Plaintiff when engaging in the

3 | activity described above.

4 | Seventh Affirmative Defense

5 | (Comparative Negligence)

6 | Defendant alleges by way of a plea of comparative negligence that Plaintiff was negligent in

7 | and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed

8 | to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole

9 | cause thereof; and that if Plaintiff is entitled to recover damages against Defendant, the Defendant

10 | prays that Plaintiff's recovery be diminished or extinguished by reason of the negligence of Plaintiff

11 | in proportion to the degree of fault attributable to Plaintiff.

12 | Eighth Affirmative Defense

13 | (Contribution)

14 | Defendant alleges that the fault of persons other than Defendant contributed to and

15 | proximately caused the occurrence; and under the principles formulated in the case of *American

16 | Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, Defendant pray that the percentage

17 | of such contribution be established by special verdict or other procedure, and that Defendant's

18 | ultimate liability be reduced to the extent of such contribution of others.

19 | Ninth Affirmative Defense

20 | (Barred by Tort Claims Act)

21 | Defendant alleges that the Complaint is barred by the following provisions of the Tort

22 | Claims Act: Government Code Sections: 815, 815(b); 815.2, 815.2(b); 815.4; 818.2; 818.4; 818.6;

23 | 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830; 830.2;

24 | 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835; 835.4; 840; 840.6; 844.6; 845; 845.2;

25 | 845.4; 845.6; 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4.

26 | ///

27 |

28 |

3

1

Tenth Affirmative Defense

2

(Variance Between Tort Claim and Complaint)

3   Plaintiff's causes of action are limited to those factual allegation and theories of recovery set

4   forth in Plaintiff's written government tort claim, if any, and that to the extent that the Complaint

5   attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a

6   cause of action and is barred pursuant to Government Code Sections 905, 910, 911.2, 945.5, 950.2

7   and related provisions.

8

Eleventh Affirmative Defense

9

(Proposition 51)

10   Defendant alleges that in the event that Defendant is found liable – which liability is

11   specifically denied and stated merely for the purpose of this affirmative defense – such liability, if

12   any, for non-economic damages shall be several and not joint, pursuant to the Fair Responsibility

13   Act of 1986 (Proposition 51) as set forth in Civil Code Section 1431, *et seq.*  Defendant requests

14   that the trier of fact be instructed that the amount of non-economic damages be allocated in direct

15   proportion to the percentage of fault, if any, assessed against each person or entity to which the Fair

16   Responsibility Act applies and that a separate judgment be rendered in the amount of such non-

17   economic damages attributable to that person or entity.

18

Twelfth Affirmative Defense

19

(Failure to Mitigate Damages)

20   Defendant alleges that the Complaint and each every cause of action therein are barred

21   because Plaintiff failed to exercise reasonable care and diligence to mitigate her alleged damages.

22

Thirteenth Affirmative Defense

23

(Estoppel)

24   By reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any

25   recovery from Defendant by reason of the allegations set forth in the Complaint.

26   ///

27

28

4

1

Fourteenth Affirmative Defense

2

(Frivolous Action)

3    Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable; therefore,

4  Defendant is entitled to sanctions and other appropriate remedies, including without limitation,

5  attorney's fees, against Plaintiff.

6

Fifteenth Affirmative Defense

7

(Unclean Hands)

8    The Complaint and each cause of action in it are barred by the doctrine of unclean hands.

9

Sixteenth Affirmative Defense

10

(Lack of Subject Matter Jurisdiction)

11    Defendant alleges that this Court has no jurisdiction over the causes of action alleged in the

12  Complaint.

13

Seventeenth Affirmative Defense

14

(Relief Barred)

15    The Complaint is barred in that the relief sought would require defendant to alter

16  fundamentally San Francisco's services and programs.

17

Eighteenth Affirmative Defense

18

(Relief Barred)

19    The Complaint is barred in that the relief sought would place an undue financial and

20  administrative burden or hardship on San Francisco and would require unreasonable modifications

21  to programs and services.

22

Nineteenth Affirmative Defense

23

(Failure To Exhaust Administrative Remedies)

24    Defendant alleges Plaintiff has failed to exhaust her administrative remedies.

25  ///

26

27

28

5

1

### Twentieth Affirmative Defense

2

(Appropriate Services and Programs)

3    Defendant alleges that San Francisco has a comprehensive system or plan which is

4    effectively providing appropriate services, programs, and facilities to plaintiff, who has meaningful

5    access to the same.

6

### Twenty-First Affirmative Defense

7

(Reasonable Diligence Discharging Duties)

8    Defendant alleges that San Francisco has used reasonable diligence to discharge any and all

9    duties that it may have owed to plaintiff.

10

### Twenty-Second Affirmative Defense

11

(Relief Barred)

12    Defendant alleges that the Complaint is barred in that the relief sought would

13    inappropriately require San Francisco to allocate resources, a political judgment, outside the

14    purview of the Court's authority.

15

### Twenty-Third Affirmative Defense

16

(Relief Barred)

17    Defendant alleges that the Complaint is barred because San Francisco is not required to

18    make structural changes in existing facilities where other methods are or would be effective to

19    achieve compliance with applicable law.

20    WHEREFORE, Defendant prays for judgment in its favor and against plaintiff as follows:

21    1.    That the Complaint be dismissed in its entirety and with prejudice;

22    2.    That plaintiff take nothing by the Complaint;

23    3.    That judgment be entered in favor of Defendant;

24    4.    That Defendant recover its costs and disbursements in this action; and

25    5.    For such further relief as this Court deems just and proper.

26

27

28

Dated:  October 23, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
MARK D. LIPTON
Deputy City Attorneys


By: _____
MARK D. LIPTON

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

7

1

**PROOF OF SERVICE**

2      I, ANNA BURCIAGA, declare as follows:

3      I am a citizen of the United States, over the age of eighteen years and not a party to the
above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza
4   Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

5      On October 23, 2008, I served the following document(s):

6      **Defendant CCSF's Answer to Plaintiff's Unverified Complaint**

7   on the following persons at the locations specified:

Shelley Kaufman, Esquire
8   Mark J. Geragos, Esquire
Shepard Kopp, Esquire
9   Geragos & Geragos
644 South Figueroa Street
10   Los Angeles, CA 90017-3411
Telephone (213) 625-3900
11   Facsimile (2113) 625-1600
in the manner indicated below:

12
☒      **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies
13         of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing
with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City
14         Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s)
that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that
15         same day.

16   ☐      **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed
envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional
17         messenger service.  **A declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will
be filed separately with the court.**

18
☐      **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed
19         envelope(s) and placed them at my workplace for collection and delivery by overnight courier service.  I am
readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries.
20         In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a
courier the same day.

21
☐      **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true
22         and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons
and the fax numbers listed above.  The fax transmission was reported as complete and without error.  The
23         transmission report was properly issued by the transmitting facsimile machine, **and a copy of the transmission
report** ☐ **is attached or** ☐ **will be filed separately with the court.**

24
I declare under penalty of perjury pursuant to the laws of the State of California that the
25   foregoing is true and correct.

26      Executed October 23, 2008, at San Francisco, California.

27
ANNA BURCIAGA

28

8

# PROOF OF SERVICE

I, COLLEEN M. GARRETT, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On October 24, 2008, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO OF UNVERIFIED COMPLAINT OF PLAINTIFF FLORENCE HOUGH; DEMAND FOR JURY TRIAL**

on the following persons at the locations specified:

Shelley Kaufman, Esquire
Mark J. Geragos, Esquire
Shepard Kopp, Esquire
Geragos & Geragos
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone (213) 625-3900
Facsimile (2113) 625-1600
in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed October 24, 2008, at San Francisco, California.

_____
COLLEEN M. GARRETT

4

CCSF'S NOTICE OF REMOVAL          Hough vs. CCSF, Case #08-476780          n:\lit\li2008\081101\00517202.doc